McCONNELL BROTHERS v. SOUTHERN RAILWAY COMPANY.

(Filed 5 March, 1907).

1. Railroads—Suitable Cars—Perishable Goods.—A railroad company must furnish suitable cars for perishable goods accepted for shipment.

2. Railroads — Refrigerator Cars — Undisclosed Arrangements — "Icing"—Liability—Burden of Proof.—When the defendant railroad company is not compelled to accept perishable goods for shipment, but does so under an arrangement with a refrigerator company whereby the latter company was to furnish cars for perishable goods and do the necessary "icing," the former company to handle such cars in the course of its business, the railroad company is liable to the shipper for damages caused by the neglect to do the "icing" required, the shipper having no knowledge or notice of the contract and holding the bill of lading of the railroad company, the burden of proof being upon the plaintiff to show negligence only.

3. Measure of Damages—Liability—Partial Exemption.—The measure of damages to shipment of car-load of perishable goods, caused by defendant's negligence, is the net value at destination

after deducting commissions and cost of sale, and a stipulation in the bill of lading that such should be the value of the goods at the place of shipment is, *pro tanto*, a partial exemption of liability from the effect of the defendant's negligence, and is void.

Civil action, tried before *Allen, J.,* and a jury, at September Term, 1906, of the Superior Court of Buncombe County. Verdict and judgment for plaintiff. Defendant appealed.

*Julius C. Martin* for plaintiff.
*Moore & Rollins* and *Charles A. Webb* for defendant.

Clark, C. J. This is an action for negligence in failing to properly care for and ice a car-load of melons shipped from Bamburg, South Carolina, to Philadelphia, which arrived at their destination in bad condition and were sold for a small price. The defendant denied that the melons were damaged for lack of icing and that the plaintiff's claim was made within thirty days. .These were issuable facts, which were submitted to the jury and were found adversely to the defendant.

The bill of lading was executed by the defendant company, but the defendant claims that it did not transport perishable products of this nature, that it merely furnished the plaintiff the car of a refrigerator company whose duty it was to ice the melons and keep them in good condition, and that if there was any default in this respect, whereby the plaintiffs were damaged, they should look to the refrigerator company and not to the defendant company. The Court charged that if the plaintiff obtained the car from the refrigerator company. or took the bill of lading from the defendant, with the knowledge that the defendant did not hold itself out as transporting such freight, but was furnishing the car on behalf of the refrigerator company, with which it had made a contract to furnish such cars to shippers

of perishable goods, then the defendant was not liable, not-withstanding the bill of lading was given in the name of the defendant; that the defendant's agent at Bamburg could be the agent of the refrigerator company as well as of the defendant, and though said agent signed the bill of lading in the name of the defendant and received the money for icing the car and entered the memorandum of such payment upon the bill of lading, the defendant would not be liable for failure to properly ice the melons if the plaintiffs had notice that the defendant or its agent was furnishing the car as agent of a refrigerator company and not for the defendant. The defendant excepts to the last paragraph only, and we find no error therein of which it has cause to complain. The rest of the paragraph is not before us for review, as the plaintiff is not appealing. The contract on its face was made with the defendant. The Court charged that the defendant was not compelled to accept perishable freight, but was liable for proper care if it received it for shipment; and that the burden of proving negligence by the defendant, by the greater weight of evidence, was upon the plaintiffs.

The prayers and charge were more fully stated, but the above is their pith and substance. If the defendant, common carrier, accepted perishable goods for shipment, it was its duty to furnish suitable cars therefor (Wood Railways, sec. 430), and it became liable for any negligence in failing to use proper and customary appliances. If it furnished a refrigerator car and the plaintiffs knew or had notice that their contract for icing was with this latter company, the Judge properly told the jury that for any neglect to properly ice the melons the plaintiffs' recourse was against the refrigerator company, notwithstanding the bill of lading was given by the defendant and the money for icing was paid to the defendant's agent, for in such case the defendant would have

been liable only for unreasonable delay in delivery of car at destination.

The defendant could not by any stipulations in the bill of lading contract to limit its liability for negligence in transporting goods which it receives for carriage. *Everett v. Railroad,* 138 N. C., 68; *Parker v. Railroad,* 133 N. C., 335; *Gardner v. Railroad,* 127 N. C., 296; *Mitchell v. Railroad,* 124 N. C., 238; Sutherland Damages, sec. 904.

The damages were properly estimated upon the net value of the melons at the place of delivery above commissions and expenses of sale. Sutherland, *supra,* sec. 918; Hutchinson on Carriers, p. 910; and this notwithstanding a stipulation in the bill of lading that the measure of damages should be the value at the point of shipment. *Ruppel v. Railroad,* 167 Pa. St., 179, 181; *Willock v. Railroad,* 166 Pa. St., 184 (where numerous authorities are collected); *Railroad v. Ball,* 80 Texas, 603; Sutherland, *supra.* sec. 918. The consignor ships to get the benefit of the market price at the place of destination, and a contract in cases of negligence that the damages shall be measured by the price at the place of shipment is *pro tanto* an agreement for partial exemption for the carrier's negligence, and is void. *Everett v. Railroad, Ruppel v. Railroad* and *Willock v. Railroad, supra.*

No Error.